# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MARTHA R. WALKER
and JACK WALKER,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 5:17-cv-01517

QUALITY DISTRIBUTION, INC., et al.,

        Defendants.

SHANNON WALKER,

        Plaintiff,

v.                                        CIVIL ACTION NO. 5:17-cv-01518

QUALITY DISTRIBUTION, INC., et al.,

        Defendants.

PEYTON WALKER, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 5:17-cv-01563

QUALITY DISTRIBUTION, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On April 17, 2017, the Court entered an order finding that the three above-styled civil actions "appear to arise out of the same transaction or occurrence and share common issues of fact and law, and the same attorneys are involved in each case." Therefore, the Court ordered that the cases be consolidated if no party objected by April 21, 2017. The Plaintiffs timely filed *Plaintiffs'*

*Brief in Opposition to Consolidation of These Civil Actions for Trial* (Document 9). On May 1, 2017, the Defendants filed a *Joint Motion for Leave to File Response to Plaintiffs' Brief in Opposition to Consolidation of These Civil Actions for Trial* (Document 11), together with the *Defendants' Response to Plaintiffs' Brief in Opposition to Consolidation of These Civil Actions for Trial* (Document 11-1). The Court grants the Defendants' motion for leave to file a response, and will consider the parties' respective positions.

These cases all arise from a vehicle accident in which the vehicle the Plaintiffs occupied was struck by a truck owned, leased, or operated by the respective Defendants. The Plaintiffs argue that liability is quite clear and may be conceded prior to trial. Because each Plaintiff has different injuries, prognoses, and medical histories, the Plaintiffs believe that evidence regarding individual damages will predominate at trial. The Plaintiffs request that any consolidation be limited to discovery. They anticipate several days of testimony and evidence on damages for both Martha Walker and Shannon Walker, and believe the different injuries and extensive evidence could result in confusion and prejudice. Shannon Walker's medical condition is evolving with additional surgeries, which could necessitate delays in his case. The Defendants argue that consolidation is appropriate to prevent any inconsistent adjudications or common factual and legal issues, including punitive damages as well as liability. They assert that there is little risk of confusion or prejudice, while consolidation would save resources and ensure consistency.

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of civil actions. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. Proc. 42(a).

The Fourth Circuit Court of Appeals has given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits. [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. CIV.A. 2:04-0435, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (Copenhaver, J.).

The Court finds that consolidation is appropriate in this case. Juries are frequently faced with multiple plaintiffs with different evidence on individual damages. No proffered facts suggest a specific risk of prejudice or confusion due to differences in the Plaintiffs' injuries. There is, however, a risk of inconsistent adjudications of factual and legal issues. Even if the Plaintiffs are correct that anyone reviewing the facts would find the Defendant driver, Robert Smith, at fault in the accident, there may be questions of liability as to the remaining Defendants. Inconsistent adjudications with respect to punitive damages are also possible. Consolidation will greatly reduce the resources required by both the parties and the Court, in the discovery period and at trial. Consolidating for pre-trial purposes clearly saves resources on both substantive and non-substantive matters, from motions for summary judgment to motions regarding attorneys' scheduling conflicts. Trying the cases separately would require three juries to be empaneled. It would require all evidence related to the vehicle accident and the Defendants' conduct to be repeated three times. It would require any experts or witnesses who may testify in all three cases

to appear on three occasions and to provide their backgrounds and qualifications three times. For the same reasons, as well as congestion of the Court's calendar, a single case could be concluded more expeditiously.[1] Similarly, a single trial will reduce expenses for both parties. Therefore, the Court finds that the Plaintiffs' objection to consolidation should be overruled.

Wherefore, after careful consideration, the Court **ORDERS** that the *Joint Motion for Leave to File Response to Plaintiffs' Brief in Opposition to Consolidation of These Civil Actions for Trial* (Document 11) be **GRANTED**. The Court further **ORDERS** that Civil Action Nos. 5:17-cv-1518 and 5:17-cv-1563 be **CONSOLIDATED** with Civil Action No. 5:17-cv-1517. Civil Action No. 5:17-cv-1517 shall be designated as the lead case, and the matter shall proceed under that styling and scheduling order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 9, 2017

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

1 Should factors involving any individual Plaintiff necessitate an extension of the trial date, the parties are free to bring the situation to the Court's attention and seek appropriate relief.